IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION

TERRY N. CAMPBELL,

   Plaintiff,

v.             CIVIL ACTION NO.: CV510-042

D. RAY JAMES DETENTION
CENTER and THE CITY OF
FOLKSTON, GEORGIA,

   Defendants.

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, who is currently housed at D. Ray James Detention Center in Folkston, Georgia, filed a cause of action pursuant to 42 U.S.C. § 1983 contesting certain conditions of his confinement. The undersigned informed Plaintiff that the claims he set forth in his Complaint appeared to be unrelated and directed Plaintiff to advise the Court as to which claim he wishes to pursue. Plaintiff responded to this Order, and it appears that Plaintiff wishes to pursue his claim against D. Ray James Detention Center based on his allegation that he has been exposed to tobacco smoke since he has been housed at the Detention Center. Accordingly, Plaintiff's claims against the City of Folkston and his claims stemming from his arrest should be **DISMISSED**, without prejudice.

A prisoner proceeding in a civil action against officers or employees of government entities must comply with the mandates of the Prison Litigation Reform Act, 28 U.S.C. §§ 1915 & 1915A. In determining compliance, the court shall be guided by

AO 72A
(Rev. 8/82)

the longstanding principle that *pro se* pleadings are entitled to liberal construction. Haines v. Kerner, 404 U.S. 519, 520 (1972); Walker v. Dugger, 860 F.2d 1010, 1011 (11th Cir. 1988).

28 U.S.C. § 1915A requires a district court to screen the complaint for cognizable claims before or as soon as possible after docketing. The court must dismiss the complaint or any portion of the complaint that is frivolous, malicious, fails to state a claim upon which relief may granted, or seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1) and (2).

In Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997), the Eleventh Circuit interpreted the language contained in 28 U.S.C. § 1915(e)(2)(B)(ii), which is nearly identical to that contained in the screening provisions at § 1915A(b). As the language of § 1915(e)(2)(B)(ii) closely tracks the language of Federal Rule of Civil Procedure 12(b)(6), the court held that the same standards for determining whether to dismiss for failure to state a claim under Rule 12(b)(6) should be applied to prisoner complaints filed pursuant to § 1915(e)(2)(B)(ii). Mitchell, 112 F.3d at 1490. The court may dismiss a complaint for failure to state a claim only where it appears beyond a doubt that a *pro se* litigant can prove no set of facts that would entitle him to relief. Hughes v. Rowe, 449 U.S. 5, 10 (1980); Mitchell, 112 F.3d at 1490. While the court in Mitchell interpreted § 1915(e), its interpretation guides this court in applying the identical language of § 1915A.

Plaintiff names as a Defendant D. Ray James Detention Center, which was an institution run by a private contractor to house state detainees and prisoners. Prison officials' actions occurring in private facilities are considered to be under color of state

2

law for purposes of § 1983. See Farrow v. West, 320 F.3d 1235 (11th Cir. 2003). However, these private facilities cannot be held liable under section 1983 on a respondeat superior or vicarious liability basis. Monell v. Dep't of Soc. Servs., 436 U.S. 658 (1978). Congress did not intend to create liability under § 1983 unless action pursuant to an official policy or custom caused a constitutional tort. Id. at 691. Although Monell involved municipal corporations, the Eleventh Circuit has extended Monell's holding to private penal facilities. See Harvey v. Harvey, 949 F.2d 1127, 1129-30 (11th Cir. 1992). Plaintiff fails to allege that there was an established policy or custom on the part of D. Ray James Detention Center, as such is required by Monell. Therefore, Plaintiff fails to state a claim against D. Ray James Detention Center.

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that Plaintiff's Complaint be **DISMISSED**.

**SO REPORTED** and **RECOMMENDED**, this 25th day of January, 2011.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev. 8/82)